589 A.2d 1085

# IN THE MATTER OF THE GENERAL ELECTION FOR THE TOWNSHIP COUNCIL IN THE TOWNSHIP OF LIVINGSTON IN THE STATE OF NEW JERSEY.

Superior Court of New Jersey
Law Division Essex County

Decided December 28, 1990.

*Stephen J. Edelstein* for petitioner (*Schwartz, Pisano, Simon & Edelstein,* attorneys; *Stephen J. Edelstein* and *Michael S. Rubin* on the brief).

*Allen Stevens* for respondent Essex County Board of Elections (*Robert J. DelTufo*, Attorney General of New Jersey, attorney; *David Dembe* on the brief).

*Gregory J. Romano* for respondent Stanley Weinroth (*Toto, Romano & Avignone*, attorneys).

BLOOM, J.S.C.

On November 6, 1990, a general election was held in Livingston to choose three members of the township council. This case concerns an application for an election contest pursuant to *N.J.S.A.* 19:29–1(e), in which petitioner, who lost by five votes, contends that ten absentee ballots were improperly rejected by the Essex County Board of Elections. This court holds that the board properly rejected eight of the ballots for lack of signed certifications on the flaps of the envelope containing said ballots. The application for an election contest is denied for the following reasons.

The three democratic candidates were Edward Sullivan, Eleanor Cohen and Martin Kalishman. The three republican candidates were William Shaunessy, John Michaels and Stanley Weinroth. The total votes were originally certified as follows:

| CANDIDATE | VOTE TOTAL |
|---|---|
| Edward Sullivan | 4732 |
| Eleanor Cohen | 4663 |
| Stanley Weinroth | 4622 |
| Martin Kalishman | 4616 |
| John Michaels | 4405 |
| William Shaunessy | 4245 |

Pursuant to court order dated November 14, 1990, a recount of absentee votes yielded the following modified vote totals:

| CANDIDATE | VOTE TOTAL |
|---|---|
| Edward Sullivan | 4734 |
| Eleanor Cohen | 4662 |
| Stanley Weinroth | 4623 |
| Martin Kalishman | 4618 |
| John Michaels | 4407 |
| William Shaunessy | 4245 |

Petitioner Kalishman trailed his closest rival, Weinroth, by five votes.

Petitioner Kalishman now challenges the rejection of ten absentee ballots by the board of elections. Eight of these ballots were rejected because each voter failed to sign the certification on the inner flap of the absentee ballot envelope. The remaining two ballots were rejected because the board determined that each signature on the inner flap did not match the signature on the absentee ballot application submitted to the county clerk. Petitioner contends that the ten ballots constitute "legal votes improperly rejected" within the meaning of *N.J.S.A.* 19:29–1(e).

In determining the validity of petitioner's claims, we must first consider the absentee voting process as prescribed by the Absentee Voting Law, *N.J.S.A.* 19:57–1 *et seq.* In order to qualify for absentee status, the voter must fill out, sign and submit the application to the county clerk not less than seven days prior to the election date. *N.J.S.A.* 19:57–4. The county clerk then compares each voter's signature on the application with that voter's signature as it appears in the permanent registration book. If the signature corresponds, the clerk transmits a ballot to the voter. *N.J.S.A.* 19:57–10.

With regard to the absentee ballot, *N.J.S.A.* 19:57–17 requires that a certification form be printed on the flap of the ballot envelope as follows:

> I ... DO HEREBY CERTIFY, subject to the penalties for fraudulent voting, that I am the person who applied for the enclosed ballot. I MARKED AND SEALED THIS BALLOT AND CERTIFICATION IN SECRET....

*N.J.S.A.* 19:57–23 then mandates that the voter sign the aforementioned certification as follows:

> [T]he voter *shall* then fill in the form of certification attached to said inner envelope, at the end of which he *shall* sign and print his name in his own handwriting ... No absentee voter shall permit any other person ... [to] complete or sign the certificate.... [Emphasis supplied]

Upon receipt of absentee ballots, the board of elections has certain mandatory duties concerning approval of the ballots.

Of particular importance is the mandate of *N.J.S.A.* 19:57–24, which states:

> [The board] *shall* ... remove the inner envelope, containing the ballot, from the outer envelope and *shall compare the signature* and information contained on the flap of the inner envelope with the signature and information contained with the respective requests for civilian absentee ballots ... The county board *shall reject* any such ballot unless the board is satisfied as a result of such comparison or by reference to the permanent registration books that the voter is legally entitled to vote.... [emphasis supplied]

The Legislature employs negative language requiring rejection of ballots unless the signature and information satisfactorily match the application form or permanent registration book. Such language emphasizes the mandatory nature of the signature requirement.

The absentee signature comparison requirement is directly analogous to the strict signature comparison implemented when citizens vote in person at the polls. *N.J.S.A.* 19:31A–8 reflects the traditional experience of all who personally appear at the polls, *i.e.,* one cannot vote without verification of one's identity through signature comparison.

■ Query: if signature comparison is so strictly enforced when voting in person, is it not logical that absentee voting should be held to the same strict standard? I believe the statutes and common law compel an affirmative answer. For example, in *DeFlesco v. Mercer County Board of Elections,* 43 *N.J.Super.* 492, 129 *A.*2d 38 (App.Div.1957), the court observed:

> The opportunity of an absentee to cast his vote ... by mail has the characteristics of a privilege rather than of a right. Even the recognized right of every voter personally to express his will at the polls is not an absolute but a conditional right dependent upon many circumstances ... When, where and how the voting is to take place are matters prescribed and governed by the will of the Legislature. [*Id.* at 43 *N.J.Super.* 495–496, 129 *A.*2d 38, citations omitted; *see also Mulcahey v. Bergen County Board of Elections,* 156 *N.J.Super.* 429, 434, 383 *A.*2d 1214 (Law Div.1978)].

*DeFlesco* held that in enacting *N.J.S.A.* 19:57–24 and –25, the Legislature intended to establish a mandatory time limit for return and receipt of absentee ballots. The *DeFlesco* court also

supported its decision by looking to the "in-person" voting practice:

> Just as it has always been deemed necessary to designate a time for the closing of the polls to resident voters, so likewise is it expedient and practicable also to fix the time of the closing of the polls to absentee voters. The obligation of both the resident voter and the absentee voter is to deliver his ballot to proper election officials within the prescribed time, in the former case in person, and in the latter by mail. [43 *N.J.Super.* at 499–500, 129 *A.*2d 38].

See also *Mulcahey, supra,* 156 *N.J.Super.* at 434, 383 *A.*2d 1214 (inclement weather does not warrant relaxation of statutory time requirement for receipt of absentee ballots). This court similarly holds that the absentee certification signature requirement is a legislative mandate aimed at preserving the integrity of the election process.

In rejecting the uncertified ballots, this court is convinced that critical legislative concerns are being promoted. Some such concerns were identified in *In re Battle Petition,* 190 *N.J.Super.* 232, 462 *A.*2d 1291 (App.Div.1983), which admonished that, although absentee voting legislation should be liberally construed as per *N.J.S.A.* 19:57–3, such construction is "subject to the valid legislative concern that not only the voter but the process of exercising the vote be secure from the opportunity for fraud." *Id.* at 236, 462 *A.*2d 1291.

Moreover, *N.J.S.A.* 19:57–3 "is not a license to completely disregard the clear and explicit provisions in the absentee voting law which were adopted to preserve the sanctity and proper functioning of [elections]." *In re Gould,* 81 *N.J.Super.* 579, 584–585, 196 *A.*2d 278 (Law Div.1963) (ballots nullified for: (1) lack of medical certificate, and (2) military voter's improper self-execution of jurat). Furthermore, the judicially perceived legislative intent reflects the "desire to preserve enfranchisement of qualified voters, safeguard the secrecy of the ballot, deter fraud, and achieve prompt determination of the election." *In re Petition of Byron,* 165 *N.J.Super.* 468, 473–474, 398 *A.*2d 599 (Law Div.1978).

In holding that the signature provisions of *N.J.S.A.* 19:57–23 and –24 are mandatory and not directive, I am further guided

by *Sharrock v. Keansburg*, 15 *N.J.Super.* 11, 83 *A.*2d 11 (App.Div.1951), wherein it is stated that "whether a statute is mandatory or not depends on whether or not the thing directed to be done is of the essence of the thing required." *Id.* at 17, 83 *A.*2d 11. Just as signature comparison touches the essence of the "in-person" voting process, so should the absentee voter signature requirement be regarded as essential to the proper functioning of the election board, in the interest of preventing fraud. Under no circumstances should an uncertified absentee ballot be counted. There is no justification to exempt an absentee voter from the signature requirement which would be stringently enforced if he voted in person; in fact, the very "absentee" nature of the absentee voting privilege warrants even closer scrutiny to ensure untainted elections.

■ To set a precedent for the acceptance of uncertified absentee ballots would jeopardize the integrity of the election process and contravene vital legislative concerns. Therefore, in light of the foregoing analysis, it is clear that the signature requirement is mandatory. Consequently, this court finds that the Essex County Board of Elections properly exercised its powers in rejecting the eight absentee ballots which lacked signed certifications.[1] Hence, the petition for election contest is denied.

---

[1] I do not address the remaining two absentee ballots since they could not alter the election result in this case.